Glenn R. Kantor, SBN 122643
Email: gkantor@kantorlaw.net
Peter S. Sessions, SBN 193301
Email: psessions@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California, 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff
Bahman Barkhordar

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAHMAN BARKHORDAR,<br><br>Plaintiff,<br><br>vs.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No.<br><br>COMPLAINT FOR:<br><br>BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS |

Plaintiff Bahman Barkhordar herein sets forth the allegations of his Complaint against Defendant Aetna Life Insurance Company.

## **PRELIMINARY ALLEGATIONS**

1.      Jurisdiction: This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under an employee benefit plan. Plaintiff seeks relief, including but not limited to, payment of benefits, prejudgment and post-judgment interest, reinstatement to the benefit plan at issue herein, and attorneys' fees and costs.

2.    Plaintiff was at all times relevant an employee of ADT LLC or one of its corporate subsidiaries, predecessors, or affiliates ("ADT") and a resident of Los Angeles County in the State of California.

3.    Plaintiff is informed and believes that Defendant Aetna Life Insurance Company ("Aetna" or "Defendant") is a corporation with its principal place of business in the State of Connecticut, authorized to transact and transacting business in the Central District of California, and can be found in the Central District of California. Upon information and belief, Aetna is the insurer of a group long term disability policy issued by Aetna ("Aetna") to ADT that insured ADT's long term disability employee benefit plan ("LTD Plan") and acted in the capacity of a plan administrator and plan insurer. Aetna administered the claim with a conflict of interest and the bias this created affected the claims determination.

4.    Defendant can be found in this judicial district and the LTD Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

5.    Plaintiff is informed and believes that the Policy insures employees who are residents of the State of California.

COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

6.    Plaintiff is informed and believes that the Policy has an annual renewal date after January 1, 2012.

7.    Plaintiff is informed and believes that the Policy has remained in effect since its inception and was issued or renewed after January 1, 2012.

**<u>FIRST CLAIM FOR RELIEF</u>**
**<u>AGAINST AETNA LIFE INSURANCE COMPANY</u>**
**<u>FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF</u>**
**<u>RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST,</u>**
**<u>AND ATTORNEYS' FEES AND COSTS</u>**
**(29 U.S.C. § 1132(a)(1)(B))**

8.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

9.    At all times relevant, Plaintiff was employed by ADT, and was a covered participant under the terms and conditions of the LTD Plan. The LTD Plan was insured by Aetna and/or its predecessors, and Aetna was also the LTD Plan claims administrator and made all decisions to pay or deny benefit claims.

10.    During Plaintiff's employment, Plaintiff became entitled to LTD benefits under the terms and conditions of the LTD Plan. Specifically, in or about April 25, 2019, Plaintiff ceased work due to his disabling condition.

11.    Thereafter, Plaintiff submitted a claim for LTD benefits to AETNA. Plaintiff is informed and believes that Aetna identifies his claim as Claim No. 3396334.

12.    Defendant Aetna denied his claim for benefits.  Plaintiff appealed this determination.

13.    On or about October 14, 2020, Defendant Aetna denied Plaintiff's appeal of the denial of his LTD claim. As a result, Plaintiff has exhausted his appeals under

COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

the LTD Plan.

14.     Defendant breached the LTD Plan and violated ERISA in the following respects:

    (a)   It failed to pay LTD benefit payments to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits;

    (b)   It failed to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claim for LTD benefits;

    (c)   It failed, after Plaintiff's claim was denied, to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect his claim along with an explanation of why such material is or was necessary; and

    (d)   It failed to properly and adequately investigate the merits of Plaintiff's disability claim and failed to provide a full and fair review of Plaintiff's claim.

15.     Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied his claim for benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

16.     Following the denial of benefits under the LTD Plan, Plaintiff exhausted all appeals as required under the LTD Plan and ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

17.     As a proximate result of the aforementioned wrongful conduct of Defendant, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

18.     As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

19.     The wrongful conduct of Defendant has created uncertainty where none should exist. Therefore, Plaintiff is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1.     Payment of disability benefits due Plaintiff up to and including the date of judgment;

2.     An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3.     Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

4.     Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

5.     Such other and further relief as this Court deems just and proper.

//

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

DATED: December 6, 2022                    KANTOR & KANTOR, LLP


                                    By:   /s/ Glenn R. Kantor
                                          Glenn R. Kantor
                                          Attorneys for Plaintiff
                                          Bahman Barkhordar

COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT